UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Case No.:

FINE LINE MARINE ELECTRIC, INC.

    Plaintiff,

v.

M/Y ONE MORE TOY, a 2000, 88' PERSHING,
*in rem*, UNKNOWN, LTD *in personam* and
EDUARDO ANDRES CAPRILES, *in personam*,
a/k/a EDUARDO ANDRES CAPRILES GONZALO

    Defendants.
_____/

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, FINE LINE MARINE ELECTRIC, INC, ("FINE LINE"), by and through its undersigned attorneys, and files this, its Verified Complaint against the Defendant M/Y ONE MORE TOY, a 2000, 88' PERSHING together with her engines, tackle, rigging, dinghies, equipment, appurtenances, furniture, etc., *in rem*, and her owner(s) UNKNOWN LTD, EDUARDO ANDRES CAPRILES, a/k/a EDUARDO ANDRES CAPRILES GONZALO *in personam*, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an *in rem* and admiralty cause of action brought under the jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333 and pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301 & 31341-43.

2. Plaintiff, FINE LINE is a Florida corporation having its principal place of business at 2001 SW 20th St., # 116, Fort Lauderdale, Florida 33315.  FINE LINE is a full service marine electrical supplier and installer.

3. *In rem* Defendant, M/Y ONE MORE TOY is a 2000, 88' PERSHING.  Based on information and belief she is currently docked at Brisas de Rio Marina, 1538 NW 24 Avenue, Miami, Florida 33125.

4. Defendant EDUARDO ANDRES CAPRILES, a/k/a EDUARDO ANDRES CAPRILES GONZALO (hereinafter referred to as "CAPRILES ") is the owner, beneficial owner, or owner *pro hace vice* of the M/Y ONE MORE TOY at all times material hereto.

5. The titled owner of M/Y ONE MORE TOY remains unknown at this time.  For this reason, Plaintiff sues UNKNOWN, LTD.  Once determined, the pleading will be amended to add the proper owning entity of the vessel.

6. CAPRILES also owns real property and conducts business in Florida under other versions of his name, including, but not limited to EDUARDO ANDRES CAPRILES GONZALO.

7. This Court has personal jurisdiction over CAPRILES, where he:

   a. Breached a contract in the State of Florida, as contemplated by Florida Statute §48.193(1)(a)(7) by failing to make payment to FINE LINE at its Fort Lauderdale Address;

   b. Owns property within Miami Dade County;

   c. Maintains a residence in Miami Dade County;

   d. Owns a motor vessel which is moored in a marina in Miami-Dade County;

   e. Holds a Florida Drivers license listing an address in Miami-Dade County.

    f. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state, as contemplated by Florida Statute §48.193(1)(a)(1) and

    g. Otherwise engaging in substantial and not isolated activity within the State of Florida, as contemplated by Florida Statute §48.193 (2).

8. This Court has personal jurisdiction over UNKNOWN, LTD, where it:

    a. Breached a contract in the State of Florida, as contemplated by Florida Statute §48.193(1)(a)(7) by failing to make payment to FINE LINE at its Fort Lauderdale Address;

    b. Owns a motor vessel which is moored at a marina in Miami-Dade County;

    c. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state, as contemplated by Florida Statute §48.193(1)(a)(1) and

    d. Otherwise engaging in substantial and not isolated activity within the State of Florida, as contemplated by Florida Statute §48.193 (2).

9. Venue is proper in this district as the M/Y ONE MORE TOY is located in the district and CAPRILIES maintains a residence in the District. Further all of FINELINE'S work was performed in the district.

10. Plaintiff has performed any and all conditions precedent necessary to file their actions against the *in rem* Defendant, M/Y ONE MORE TOY, UNKNOWN, LTD and CAPRILES.

## COUNT I - MARITIME LIEN AGAINST M/Y ONE MORE TOY

11. Plaintiff re-alleges and re-avers the allegations set forth in paragraphs 1-10 as if fully stated herein.

12. This is a claim pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301 & 31341-43.

13. On or about January 14, 2015, FINE LINE was hired by Captain Jose Otero to diagnose and repair problems with the M/Y ONE MORE TOY'S electrical system including but not limited to its pasarelle, swim ladder and sunroof.

14. Captain Otero had authority under maritime law to contract with FINE LINE on behalf of the vessel.

15. FINE LINE provided Captain Otero with a written estimate of what it would cost to complete the contemplated work, subject to pricing of specific component parts that needed to be replaced aboard the vessel. This estimate also contained FINE LINE'S terms and conditions and labor rates. A copy of the signed estimate is attached hereto as Exhibit "A".

16. CAPRILES made a payment of $2,400.00 to FINE LINE on a credit card bearing his name. This was a deposit requested before work commenced.

17. As is typical, the scope of work expanded beyond the original estimate as FINE LINE was asked to do additional work by Captain Otero. All work requested was completed to the satisfaction of Captain Otero. FINE LINE invoice number 498 sets forth all work performed aboard the yacht. The total balance due at the end of the project was $11,485.00. A copy of invoice number 498 is attached hereto as Exhibit "B".

18. After subtracting the deposit paid by CAPRILES, a balance of $9,085.00 remains due and owing.

19. FINE LINE provided the labor, materials and services described above to the M/Y ONE MORE TOY on the order of the Vessel's master and/or authorized agent of the Vessel.

20. FINE LINE'S labor, materials and services are *necessaries* provided to the M/Y ONE MORE TOY.

21. FINE LINE has submitted its invoices to CAPRILES for payment, and despite repeated demands, CAPRILES has failed to pay the total amounts outstanding for FINE LINE'S services.

22. CAPRILIES has promised in writing to pay this bill on multiple occasions. No issues have been raised with FINE LINE'S workmanship.

23. FINE LINE is owed the amount of $9,085.00 for necessaries it provided to the M/Y ONE MORE TOY.

24. Pursuant to Title 46 U.S.C. § 31342, FINE LINE is entitled to recover from the *in rem* Defendant M/Y ONE MORE TOY, the total sum of $9,085.00 and all other sums incurred including the vessel arrest, plus pre-judgment interest, *custoda legis expenses* and costs.

25. Pursuant to the signed Estimate (see Exhibit "A") FINE LINE is entitled to interest at 1.5%, attorney's fees, court costs, substitute custodian fees, marshal fees and costs against M/Y ONE MORE TOY.

## COUNT II - BREACH OF MARITIME CONTRACT AGAINST CAPRILES

26. Plaintiff re-alleges and re-avers the allegations set forth in paragraphs 1-10 as if fully stated herein.

27. On or about January 14, 2015, FINE LINE was hired by Captain Jose Otero to diagnose and repair problems with the M/Y ONE MORE TOY'S electrical system including but not limited to its pasarelle, swim ladder and sunroof.

28. Captain Otero had authority under maritime law to contract with FINE LINE on behalf of the vessel.

29. FINE LINE provided Captain Otero with a written estimate of what it would cost to complete the contemplated work, subject to pricing of specific component parts that needed to be replaced aboard the vessel. This estimate also contained FINE LINE'S terms and conditions and labor rates. A copy of the signed estimate is attached hereto as Exhibit "A".

30. FINE LINE and CAPRILES (through his captain) entered into an written contract for the contemplated work to be performed aboard M/Y ONE MORE TOY. The scope of work called for completion in less than 1 year.

31. CAPRILES made a payment of $2,400.00 to FINE LINE on a credit card bearing his name. This was a deposit requested before work commenced.

32. As is typical, the scope of work expanded beyond the original estimate as FINE LINE was asked to do additional work by Captain Otero. All work requested was completed to the satisfaction of Captain Otero. FINE LINE invoice number 498 sets forth all work performed aboard the yacht. The total balance due at the end of the

project was $11,485.00.   A copy of invoice number 498 is attached hereto as Exhibit "B".

33. FINE LINE provided the labor, materials and services described above to the M/Y ONE MORE on the order of the Vessel's master and/or authorized agent of the Vessel and otherwise fully performed its contractual duties.

34. FINE LINE has submitted its invoices to CAPRILES for payment, and despite repeated demands, CAPRILES has failed to pay the total amounts outstanding for FINE LINE'S services.

35. CAPRILIES has promised in writing to pay this bill on multiple occasions.  No issues have been raised with FINE LINE'S workmanship.

36. After subtracting the deposit paid by CAPRILES, a balance of $9,085.00 remains due and owing.

37. CAPRILES has breached his contractual duty to pay FINE LINE for its work.

38. FINE LINE has suffered damages in the amount of $9,085.00, exclusive of costs, interest and attorney's fees.

39. FINE LINE has retained undersigned Counsel and is required to pay their reasonable attorney's fees in prosecuting the instant action.  Pursuant to the signed Estimate (see Exhibit "A") FINE LINE is entitled to interest at 1.5%, attorney's fees, court costs, substitute custodian fees, marshal fees and costs against CAPRILES.

## **COUNT III - BREACH OF MARITIME CONTRACT AGAINST UNKNOWN, LTD.**

40. Plaintiff re-alleges and re-avers the allegations set forth in paragraphs 1-10 as if fully stated herein.

41. On or about January 14, 2015, FINE LINE was hired by Captain Jose Otero to diagnose and repair problems with the M/Y ONE MORE TOY'S electrical system including but not limited to its pasarelle, swim ladder and sunroof.

42. Based on information and belief, title for M/Y ONE MORE TOY is held in an unknown foreign corporation referred to herein as UNKNOWN, LTD.

43. Captain Otero had authority under maritime law to contract with FINE LINE on behalf of the vessel.

44. FINE LINE provided Captain Otero with a written estimate of what it would cost to complete the contemplated work, subject to pricing of specific component parts that needed to be replaced aboard the vessel.  This estimate also contained FINE LINE'S terms and conditions and labor rates.  A copy of the signed estimate is attached hereto as Exhibit "A".

45. FINE LINE and UNKNOWN, LTD. (through its captain) entered into an written contract for the contemplated work to be performed aboard M/Y ONE MORE TOY. The scope of work called for completion in less than 1 year.

46. CAPRILES made a payment of $2,400.00 to FINE LINE on a credit card bearing his name.   This was a deposit requested before work commenced.

47. As is typical, the scope of work expanded beyond the original estimate as FINE LINE was asked to do additional work by Captain Otero.  All work requested was completed to the satisfaction of Captain Otero.  FINE LINE invoice number 498 sets forth all work performed aboard the yacht.   The total balance due at the end of the project was $11,485.00.    A copy of invoice number 498 is attached hereto as Exhibit "B".

48. FINE LINE provided the labor, materials and services described above to the M/Y ONE MORE TOY on the order of the Vessel's master and/or authorized agent of the vessel and otherwise fully performed its contractual duties.

49. FINE LINE has submitted its invoices to UNKNOWN, LTD. through CAPRILES for payment, and despite repeated demands, UNKNOWN, LTD. through CAPRILES has failed to pay the total amounts outstanding for FINE LINE'S services.

50. CAPRILIES has promised in writing to pay this bill on multiple occasions.  No issues have been raised with FINE LINE'S workmanship.

51. After subtracting the deposit paid by CAPRILES, a balance of $9,085.00 remains due and owing.

52. UNKNOWN, LTD. through CAPRILES has breached its contractual duty to pay FINE LINE for its work.

53. FINE LINE has suffered damages in the amount of $9,085.00, exclusive of costs, interest and attorney's fees.

54. FINE LINE has retained undersigned Counsel and is required to pay their reasonable attorney's fees in prosecuting the instant action. Pursuant to the signed Estimate (see Exhibit "A") FINE LINE is entitled to interest at 1.5%, attorney's fees, court costs, substitute custodian fees, marshal fees and costs against UNKNOWN, LTD.

WHEREFORE, Plaintiff FINE LINE demands as follows:

A. That process in due form of law issue forthwith against Defendant M/Y ONE MORE TOY, her engines, tackle, appliances, appurtenances furniture, gear and all other necessaries thereto and belonging, *in rem*, citing all persons claim any interest to appear and answer on oath to all and singular the matters stated above, and including a clause for foreign attachment.

B. That the cost of the necessaries provided to the M/Y ONE MORE TOY, pursuant to invoices of various dates and attached hereto as EXHIBIT "A", be declared to be a valid and subsisting lien upon said Vessel in the amount proven to have been delivered, superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

C. That this Court order and adjudge that M/Y ONE MORE TOY, UNKNOWN, LTD. and EDUARDO ANDRES CAPRILES jointly and severally liable to FINE LINE in the principal total amount of $9,085.00 Dollars, plus interest at 1.5%, attorney's fees, court costs, substitute custodian fees, marshal fees and costs.

D. That this Court award FINE LINE interest at 1.5%, attorney's fees, court costs, substitute custodian fees, marshal fees and costs as against the *in personam* Defendants UNKNOWN, LTD. and EDUARDO ANDRES CAPRILES;

E. If the vessel owner posts substitute security, Plaintiff FINE LINE may collect its judgment from the security;

F. Alternatively, if substitute security is not posted and the vessel is arrested, that Plaintiff FINE LINE'S lien be foreclosed in accordance with the law and the vessel be condemned and sold in payment of the amount due and all such other sums that are owed;

G. That Plaintiff FINE LINE be permitted to credit bid the amount of its judgment or lien against the M/Y ONE MORE TOY at any U.S. Marshal's sale; and,

H. That FINE LINE be awarded any other and further relief as this Court deems appropriate in accordance with law and justice.

Dated this <u>8th</u> day of December 2015

Respectfully Submitted,

<u>/s Andrew N. Mescolotto</u>

ANDREW N. MESCOLOTTO (28141)
andrew.mescolotto@fertig.com
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
Attorneys for FINE LINE

STATE OF FLORIDA )
)SS
COUNTY OF BROWARD )

## VERIFICATION

This __1__ day of December, 2015, Alex Afonso for Plaintiff FINE LINE MARINE ELECTRIC, INC., being duly sworn, deposes and states that:

1. I am the President of FINE LINE MARINE ELECTRIC, INC. I am authorized and entitled to sign this verification on behalf of the company.

2. That the allegations contained within this Verified Complaint are based on my review of the business records of FINE LINE, as well as my own personal knowledge.

3. That I have read the foregoing Verified Complaint and that the allegations contained in the Verified Complaint are true and correct to the best of my knowledge and/or information and belief.

_____
Alex Afonso
President
FINE LINE MARINE ELECTRIC, INC.

This foregoing instrument was acknowledged before me this __1st__ day of December, 2015 by Alex Afonso, who is personally known to me or did show _____ as identification, and who did take an oath. Mr. Afonso stated that he is the President of the Plaintiff corporation and that he may sign this document as a duly authorized representative.

_____
Notary Public, State of Florida



AMPARO SOSA
MY COMMISSION # EE174244
EXPIRES March 17, 2019
FloridaNotaryService.com